456 A.2d 1025

**Charles H. GEYER, Sr., Appellant,**

v.

**Hilda B. GEYER.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1981.

Filed Feb. 18, 1983.

---

Bonnie D. Menaker, Harrisburg, for appellant.

Herbert A. Schaffner, Harrisburg, for appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

BROSKY, Judge:

On December 31, 1980, the court granted Charles H. Geyer, Sr.'s, appellant's, divorce and retained jurisdiction of the case with respect to attorney's fees, costs of the proceeding, division of marital property and alimony. The master appointed by the court conducted a hearing and made recommendations with which the parties complied except the recommendation as to alimony. The court entered the following order:

> And now, May 19, 1981, after hearing, the plaintiff's exceptions to the Master's Report relative to alimony are hereby dismissed and the Defendant is awarded alimony in the amount of Fifty Dollars ($50.00) per week effective January 1, 1981 until such time as Defendant attains her 65th birthday.

On appeal, Mr. Geyer argues that the lower court in determining the right to and amount of alimony, failed to consider the marital property received by Mrs. Geyer as part of the equitable distribution of the couple's assets. He also contends that the duration of alimony payments ordered by the lower court is in violation of Section 501(c).

Finally, Mr. Geyer argues that the alimony awarded is excessive.

We must first consider what is the scope of review of alimony awards. In our recent opinion in *Remick v. Remick*, 310 Pa.Super. 23, 456 A.2d 163 (1983), we said that under the new Divorce Code, alimony orders should be reviewed only for an abuse of discretion and not broadly, as is the actual decree in divorce (at 29–30). President Judge Cercone explained in *Remick, id.*, at 30, that

> While this Court is very much concerned with orders affecting the property rights of the parties to a marriage on the support of the children from that union, our concern in those, essentially monetary judgments is not as paramount as it is with the decision ruling on the status of the marriage or custody of the children.

Because our review of the record and trial court opinion indicates that the court may not have considered all of the circumstances pertinent to an alimony award, we reverse and remand.

In determining the amount of alimony to be paid to Mrs. Geyer, the master considered the following evidence:

1. Mrs. Geyer's net earnings are approximately three-fifths that of Mr. Geyer.

2. That Mr. Geyer is 61 years of age and that Mrs. Geyer is 60 years of age.

3. That both parties appeared to the master to be in good health without any apparent disabilities. Mr. Geyer confirmed the master's observation when he stated he was in good health.

4. On retirement at age 62, Mr. Geyer's income from "Social Security" and his company pension will be between $790 and $923 a month. His retirement benefits would be increased if he would work until he was age 65. He has been employed by his present employer for 39 years.

On retirement at age 65, Mrs. Geyer's total retirement income from "Social Security" and her employee's pension would be $571 per month. She has been employed by her

present employer for six years, having been a housewife up to that time.

5. The master had before him no evidence of any expectancies or inheritances of the parties.

6. The parties have been married approximately 42 years.

7. Mrs. Geyer being the homemaker for most of the parties' marriage enabled Mr. Geyer to work full time at his job, thereby increasing his earning power.

8. During the years the parties lived together both contributed substantially to the marriage, the wife as a homemaker and the husband as the breadwinner and general handyman.

9. Mr. Geyer has had an ongoing relationship with another woman during the time of the marriage.

10. Mr. Geyer will receive approximately twenty-eight thousand dollars ($28,000) from the division of the marital property and Mrs. Geyer will receive approximately twenty-nine thousand five hundred dollars ($29,500).

In reaching his conclusions, the master stated that he considered that the difference in the earning capacity of the parties was based on the fact that the husband was able to work full time over many years at a job thereby working himself up to a good paying position. The wife was, for the most part during the marriage, confined to homemaker duties and thereby unable to develop for herself a career of long standing which, at this point in her life, would culminate in better pay than she now commands.

After hearing Mr. Geyer's exceptions to the Master's Report relative to alimony, the exceptions were dismissed, and on the 19th day of March, 1981, the court awarded alimony in the amount of fifty dollars ($50) per week effective January 1, 1981 until such time as Mrs. Geyer attains her 65th birthday.

Our General Assembly has provided for alimony at 23 P.S. 501 which reads in relevant part as follows:

(a) The court may allow alimony, as it deems reasonable, to either party, only if it finds that the party seeking alimony:

(1) lacks sufficient property, including but not limited to any property distributed pursuant to Chapter 4, to provide for his or her reasonable needs; and

(2) is unable to support himself or herself through appropriate employment.

(b) In determining whether alimony is necessary, and in determining the nature, amount, duration, and manner of payment of alimony, the court shall consider all relevant factors including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages, and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties including but not limited to medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which it would be inappropriate for a party, because said party will be custodian of a minor child to seek employment outside the home.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage; however, the marital misconduct of either of the parties during separation subsequent to the filing of a divorce complaint shall not be considered by the court in its determinations relative to alimony.

The directives found in each of the subsections quoted above, when read separately, are clear. Subsection (a) directs that alimony shall be awarded only if the party seeking alimony lacks sufficient property to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment. Subsection (b) directs that if upon consideration of the fourteen enumerated factors (in addition to any other relevant factors) the court finds it necessary, alimony shall be awarded.

■ Mr. Geyer complains that the lower court failed to consider the marital property received by Mrs. Geyer from equitable distribution in determining whether she could provide for her reasonable needs.

Section 501(a) includes in the property of a spouse any property distributed pursuant to Chapter 4 of the Divorce Code.

Chapter 4 of the Code concerns equitable distribution. 23 P.S. 401 et seq. The trial court does not discuss any facts involving the money received by Mrs. Geyer after equitable distribution. The Master's Report merely recites that Mr. Geyer shall receive $28,000 from equitable distribution and Mrs. Geyer $29,500. Under these circumstances, we are unable to say that the lower court abided by the law as provided in 23 P.S. 501(a)(1). In so doing, the court abused its discretion.

■ Contained in appellant's argument that the lower court did not give proper consideration to the distribution of marital property is the claim that appellee's "reasonable needs" do not include making provision for the future. We do not agree. The master found from a reading of Mrs. Geyer's "income and expense statement" that she is meeting her current expenses from her current income. Her

budget is one without frills; one without any item for vacation, entertainment, lunch expense or provisions for replacement of her 15-year old automobile. There is no provision for savings to provide for future contingencies such as illness and to supplement her retirement which will be less than that of Mr. Geyer. Mrs. Geyer will have to secure other living quarters to replace the marital residence which was recommended to be divided as marital property. Mrs. Geyer indicated in her testimony that an apartment will cost her a minimum of $200 per month. Her present living expenses in the marital house as shown on her "income and expense statement," includes mortgage of $60 per month, insurance of $8.15 a month, realty taxes of $32.50 a month and maintenance expenses of $73.52 a month for a total of $174.17 so that her expenses for living quarters will increase by at least $25 per month. Accordingly, the master found that Mrs. Geyer lacked sufficient property and income to provide for her "reasonable needs."

The parties were in their early sixties when the order was entered. Their periods of gainful employment were obviously coming to an end. To claim that Mrs. Geyer's reasonable needs are met if she can sustain life on a day to day basis while she is working is to ignore the realities of the situation. She will almost surely be unable to work in a very few years. If her resources are such that her daily needs consume all of her money, she will be unable to meet those needs when she retires. We find no error in the conclusion of the lower court that the reasonable needs of a 61 year old person include the need to acquire some measure of financial security upon retirement.

On remand, the lower court is to consider the effect of the equitable distribution on appellee's "reasonable needs."

We turn now to the appellant's claim that the order that he make alimony payments to Mrs. Geyer until her 65th birthday violates Section 501(c).

■ We are convinced that the General Assembly intended by enacting Section 501 to provide for economic justice to

be met according to the actual needs and ability of the parties to pay. This goal requires that Section 501 be applied in a nonmechanical manner. Clearly, the legislature intended that a reasonable and compassionate result be reached.

■ The trial court explained in its opinion that it agreed with the master's conclusion that Mrs. Geyer's age and lack of skills will adversely affect her earning capacity and make it impossible for her to provide for the future.

While the trial court does not specifically refer to the statute, it is clear to us that it considered the mandate of Section 501(c) which provides in pertinent part,

unless the ability of the party seeking the alimony to provide for his or her reasonable needs through employ-ment is substantially diminished by reason of age, physi-cal, mental or emotional condition ... or other compelling impediment to gainful employment ... [the order will be limited in duration].

That is, if a party receiving alimony is able to provide for his reasonable needs through employment, the court is to fashion an alimony order to be in effect only until such employment has been obtained or the party has developed an appropriate employable skill.

It is true that Mrs. Geyer is not unable to find employ-ment. Nevertheless, the lower court concluded, we believe properly, that the employment she can find is limited by her age and minimal skills. Therefore, her "ability to provide for her reasonable needs" is diminished by those factors. We find no error in the duration of the order.

Accordingly, we reverse the order of the trial court as to the alimony award and remand to that court for proceed-ings consistent with this opinion at which it shall determine whether alimony shall be awarded and if so in what amount. Given our disposition of the afore-discussed issues, we will

not discuss whether the award was excessive. Jurisdiction is not retained by this court.

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. I find it unnecessary to remand this cause to the trial court for consideration of additional factors. My review of the record persuades me that the trial court did give due consideration to those factors mandated by statute and thereafter entered an award of alimony that was eminently fair and reasonable. Finding no abuse of discretion, I would affirm that order.