488 A.2d 338

**Ann STANLEY**

v.

**Lee STANLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 8, 1984.

Filed Feb. 15, 1985.

J. Kerrington Lewis, Pittsburgh, for appellant.

Edward C. Milburn, Pittsburgh, for appellee.

Before BROSKY, JOHNSON and WATKINS, JJ.

WATKINS, Judge:

The question raised by this appeal is whether an agreement between parties to a divorce which disposed of alimony and equitable distribution of marital property which was reduced to a consent order by the court below may be modified.

The facts are: The parties were divorced on September 23, 1982. A conciliation was held before the Honorable Lawrence W. Kaplan to determine permanent alimony and equitable distribution on January 13, 1983. The parties entered into a consent order resolving the wife's claims for equitable distribution and permanent alimony. The consent order required the husband to pay the wife $2000.00 within thirty (30) days of the date of the order and $3000 in July, 1983 on the equitable distribution issue. The husband was obligated to pay $300.00 per month alimony for five (5) years from January, 1983 until the wife dies, remarries or cohabitates for a period of thirty (30) days. Both parties were represented and entered into this consent order with the advice of counsel.

Plaintiff-wife, Ann Stanley, was 62 years of age; appellant-husband, Lee Stanley, was 66 years of age.

On March 10, 1983 the wife filed a petition for Rule to Show Cause Why husband should not be held in contempt in that he has failed to pay monthly alimony payment since the date of the order. The rule was issued and dismissed when the husband made his payments current.

On August 2, 1983, the husband presented a Petition to Modify or Terminate Alimony. On August 11, 1983 wife petitioned for a Rule To Show Cause Why her husband should not be held in contempt. The petitions were consolidated. The judge below assigned a hearing examiner and limited the issue at the hearing to "cohabitation *vel non*".

The hearing examiner found the husband in contempt of the consent order of January 13, 1983 and found that the husband could purge himself of the contempt by complying with the consent order. His petition for modification or

termination was denied and he was ordered to pay the $3000 already overdue by September 15, 1983.

Exceptions were filed and the court below dismissed the exception. This appeal followed.

The court below relies on the lower court case of *Fleming v. Fleming*, 130 P.L.J. 68 (1982). An appeal was filed to our Court, but was discontinued.

Judge Musmanno in applying *Fleming*, supra ably concluded that this appeal must be denied and the decision below affirmed saying:

"Pursuant to an order of this Court, husband filed a Statement of Matters Complained of under Pa.R.A.P. 1925(b), which, in essence, states that the hearing officer and this Court erred when they precluded him from presenting evidence as to his alleged change of financial circumstances and his present medical condition, both of which allegehly prevent him from complying with the January 13, 1983 consent order. This claim is premised on the Order of August 2, 1983, per Strassburger, J., which set a hearing on husband's Petition to Modify or Terminate Alimony and stated:

'... [The] only issue to be considered is cohabitation *vel non.*'

"Husband relied on the provision of Section 501(e) of the Divorce Code, 1980, April 2, P.L. 63, No. 26, Section 101, eff. 90 days, 23 P.S. Section 501(e), which state, *inter alia:*

'Any order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon such order may be modified, suspended, terminated, reinstated, or a new order made.'

"Husband thus concludes that he is entitled, as of right, to present evidence as to his changed circumstances.

"The next sentence of Section 501(e), however, disposes of husband's claim for relief from his failure to pay the

Three Thousand ($3,000.00) Dollar payment called for in the January 13, 1983 consent order. This sentence states:

'Any such further order shall apply only to payment accruing *subsequent* to the petition for the requested relief.'

"The Three Thousand ($3,000.00) Dollar payment was due long prior to the presentation of husband's Petition, and husband is thus barred from seeking relief from compliance with that portion of the January 13th consent order.

"Husband's request for modification of future alimony payments of Three Hundred ($300.00) Dollars per month would appear, superficially, to require testimony as to changed circumstances by virtue of Section 501(e) of the Divorce Code. This Court, however, has interpreted this provision of the Code in *Fleming v. Fleming*, 130 P.L.J. 68 (1982).

"*Fleming, supra,* involved a consent order which was reached on the issues of equitable distribution, alimony, and counsel fees. The consent order was silent as to modifiability. Subsequently, plaintiff-husband filed a petition to modify the alimony based on a significan change in circumstances, i.e., defendant-wife became employed. This Court, per Strassburger, J. reviewed the modifiability issue in two (2) contexts. The first situation exists where the order to be modified is for alimony only and is silent as to modifiability. Judge Strassburger concluded that Pennsylvania should follow the majority of jurisdictions and should permit modifiability.

"The second situation discussed in *Fleming, supra,* exists when the order to be modified contains both alimony *and* equitable distribution issues and is silent as to modifiability. This is the situation in the instant case. Judge Strassburger stated that:

'We would be naive to think that tradeoffs do not occur between equitable distribution and alimony.' *Fleming, supra,* at 70.

"Judge Strassburger, in examining the equities of modification under this situation, found that attempting to modify an alimony/property distribution order would be 'most inequitable.' and 'would wreck havoc upon the parties to an equitable distribution proceeding ...' Id. at 70. The Court recognized that bargaining takes place during the process of reaching a consent order which integrates alimony and equitable distribution and found that a *quid pro quo* existed for the integrated agreement.

"In addition, the analysis of Section 501(e) of the Divorce Code contained in *Fleming, supra,* reveals that this provision of the Code does not require a different result as husband contends in the instant case. Section 501(e) makes reference to an 'order entered pursuant to this section, which means an alimony order. An order which also includes equitable distribution, as in the instant case, is not, and cannot be an order entered pursuant to this section, as equitable distribution orders are entered by virtue of the provisions of Section 401 of the Divorce Code.

"Judge Strassburger thus concludes that the Court should hold that the alimony portion of such 'integrated' orders should be non-modifiable. Although in *Fleming,* Judge Strassburger did not apply his own rule of nonmodifiability, this was a result of the fact that the consent order was 'essentially in an executory state,' and would require a retroactive application of *Fleming.* Id at 71.

"In the case *sub judice,* this Court is faced with a consent order which integrates alimony and equitable distribution issues, was bargained for in good faith, contains no modifiability provision, and was entered into with advice of counsel at a court-ordered conciliation conference. Thus, we will apply the rationale of *Fleming* to this case, and we accordingly find that modifiability of the January 13, 1983 consent order cannot be founded on a change in circumstances as claimed by husband.

"Husband further claims that the hearing officer improperly limited his evidence as to cohabitation as a basis

for modification. Because the January 13, 1983 consent order specifically provides for termination of alimony if '... plaintiff (wife) dies, remarries, or cohabits with a non-relative male for a minimum of thirty (30) days ...,' we must examine the evidence presented by husband at the hearing.

"Although husband's counsel gamely attempted to elicit some proof that wife has and/or is cohabiting, the record is devoid of even one iota of evidence supporting that claim. Husband testified that he '(has) witnesses that said she had (seen other men).', but admitted that he didn't see any man living with his former wife."

Order affirmed.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I agree with the result reached by the majority in this case, but write separately because I would not base our decision on the opinion of the trial court as does the majority.

The trial court opinion, quoted at length by the majority, itself relies heavily on another trial court opinion, *Fleming v. Fleming*, 130 P.L.J. 68 (1982).

In *Fleming* the trial court explained that it would find consent alimony decrees to be modifiable pursuant to Section 501 of the Divorce Code, but would not find decrees combining alimony and equitable distribution provisions to be so modifiable.

I note initially my disagreement with a rule that would call for different results depending on whether the decree in question refers to equitable distribution. As the author of the *Fleming* opinion notes, "We would be naive to think that trade offs do not occur between equitable distribution and alimony." Just because a decree grants only alimony, I would not conclude that the agreement was made without regard to the equitable distribution of marital property.

Alimony awards entered pursuant to Section 501 of the Divorce Code are to be based in part upon a consideration of

marital property distributed by way of equitable distribution. See *Geyer v. Geyer*, 310 Pa.Super. 456, 456 A.2d 1025 (1983), 23 P.S. § 501(a)(1). Yet such orders are modifiable. See 22 P.S. § 501(e). Similarly, it seems clear that an agreement regarding alimony would also of necessity have resulted from a consideration of the equitable distribution of marital property. I would not, therefore, make the distinction made in *Fleming*.

Furthermore, since the *Fleming* opinion was issued, our court has dealt with a similar situation. In *VanKirk v. VanKirk*, 336 Pa.Super. 502, 485 A.2d 1194 (1984), we refused to modify an agreement for the payment of alimony. We treated the agreement as the courts treat contracts generally declining to modify it pursuant to the provisions of Section 507 of the Divorce Code which provides that cohabitation is a bar to alimony. We noted that "The alimony payments in this case, while enforceable as a court order, [see 23 P.S. § 501(f) ], are not the result of an 'award' of alimony by the court, but rather are the result of an agreement between the parties." 336 Pa.Super. at 505, 485 A.2d at 1196.

I would refuse to modify the agreement before us because it does not itself permit such modification except in the case of cohabitation which appellant failed to prove.