507 A.2d 862

**Virginia LEE, Appellee,**

v.

**William LEE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1985.

Filed April 7, 1986.

Blane A. Black, Monongahela, for appellant.

Carl P. Izzo, Jr., Uniontown, for appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

WIEAND, Judge:

The sole issue in this appeal is whether the trial court properly refused to reduce an agreed order for the payment of alimony despite a substantial change in the economic circumstances of the obligor. The trial court held that it was powerless to alter the order because it had been entered by agreement and refused to reduce it even though the income of the obligor, a steelworker, had been reduced substantially by a forced, early retirement. We reverse and remand for further proceedings.

William F. Lee, the appellant, and Virginia D. Lee, the appellee, were married on August 9, 1975. Appellee commenced an action in divorce on August 26, 1980. By

agreement dated October 31, 1980, the parties divided their marital property and made provision for alimony as follows:

3. ALIMONY

The parties have this day agreed that a Support Order in favor of the Wife be entered by agreement in the Probation Office of Fayette County, Pennsylvania, at No. 1483 G.D. of 1980, wherein and whereby the Husband agrees to pay the Wife permanent alimony in the sum of $450.00 per month and in addition to maintain hospitalization insurance and benefits for his Wife through his employer.[1]

In fact, this was merely an acknowledgement of an agreement and order of support which had been entered on October 17, 1980 as follows:

## AGREEMENT FOR SUPPORT ORDER

AND NOW, October 17, 1980, I, William Lee Defendant named herein, having been advised of my legal rights in this matter, do hereby agree that the Court may enter an Order directing that I pay the costs and the sum of ($450.00) Four Hundred and Fifty Dollars per month, for the support of his wife, Virginia. In addition, the defendant agrees to maintain hospitalization for his wife through his employment. I understand that ALL payments are to be made through the Domestic Relations Office of Fayette County, commencing November 1, 1980.

/s/ William F. Lee
Defendant
/s/ Virginia Lee
Plaintiff

## ORDER

NOW, to-wit, this 17 day of October, 1980, upon presentation of the foregoing Agreement, it is hereby ordered that, William Lee, Defendant, pay the costs in the sum of $_____ in monthly installments of Ten Dollars and pay

---

1. The reference to No. 1483 G.D. of 1980 was the pending divorce action.

the sum of $450.00 per month, through the Domestic Relations Office for the dependents above named, effective November 1, 1980.

BY THE COURT:

/s/ "Frank"

Judge

A decree in divorce was entered on February 13, 1981.

On November 19, 1984, appellant filed a petition to reduce the order which had been entered by agreement. He alleged that he had remarried and, because of forced, early retirement, his income had decreased from $2000 per month at the time the order was entered to $1100 per month at the time of filing the petition. A hearing officer recommended that the order be reduced to $425 per month. Appellant filed exceptions to this recommendation, and a hearing was held before the court. The hearing court accepted the recommendation of the hearing officer, but did not further reduce the order. After an appeal had been filed in this Court, the hearing judge prepared an opinion, pursuant to Pa.R.App.P. 1925(a), in which he said that he did not further reduce the order because he did not believe he could alter the parties' agreement.

Section 501 of the Divorce Code of April 2, 1980, P.L. 63, No. 26, provides in pertinent part as follows:

§ 501. Alimony

. . . . .

(e) Any order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon such order may be modified, suspended, terminated, reinstituted, or a new order made. Any such further order shall apply only to payment accruing subsequent to the petition for the requested relief. Remarriage of the party receiving alimony shall terminate the award of alimony.

(f) Whenever the court shall approve an agreement for the payment of alimony voluntarily entered into between

the parties, such agreement shall be deemed the order of the court and may be enforced as provided in section 503. (footnote omitted)

This section is clear. "Any order ... is subject to further order of the court upon changed circumstances." Where a court order is entered pursuant to agreement, the order is subject to modification in the event of a substantial change in circumstances. *Hollman v. Hollman,* 347 Pa.Super. 289, 306, 500 A.2d 837, 846 (1985).

 In the instant case, the intent of the parties is clear. They did not create a contractual obligation for the payment of alimony which was separate and apart from the court order. Instead, their only agreement was "that a Support Order in favor of the Wife be entered by agreement...." This agreement merged in the court order. Appellant's obligation to pay alimony was to be enforced as a court order and not as a contractual obligation. Therefore, it was subject to modification by the court in the event of changed circumstances of a substantial nature. *Hollman v. Hollman, supra; Commonwealth ex rel. Tokach v. Tokach,* 326 Pa.Super. 359, 474 A.2d 41 (1984). Compare: *Madnick v. Madnick,* 399 Pa.Super. 130, 488 A.2d 344 (1985); *Millstein v. Millstein,* 311 Pa.Super. 495, 457 A.2d 1291 (1983).[2]

The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court.

An abuse of discretion does not necessarily imply a willful abuse, but if, in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence or the

**2.** The panel decision in *Stanley v. Stanley,* 339 Pa.Super. 118, 488 A.2d 338 (1985), is factually distinguishable from the instant appeal. To the extent that *Stanley* suggests that an agreed court order for the payment of alimony cannot be modified in the event of a substantial change in circumstances, moreover, it has been overruled sub silentio by the opinion of the court en banc in *Hollman v. Hollman, supra.*

record, discretion is then abused and it is the duty of the appellate court to correct the error.

*Koller v. Koller,* 333 Pa.Super. 54, 57, 481 A.2d 1218, 1220 (1984), quoting *Prescott v. Prescott,* 284 Pa.Super. 430, 435, 426 A.2d 123, 125 (1981).

In this case, the only reason given by the trial court for its order was its belief that it was powerless to reduce the alimony order because of the agreement between the parties. This was error and an abuse of discretion. There was no good reason for the trial court to refuse to consider the changed financial circumstances of the appellant brought about by forced, early retirement. Therefore, we reverse and remand for further consideration in accordance with this opinion. The trial court may, if it deems it necessary, take additional testimony to assist it in determining whether appellant's present financial circumstances require that the alimony order be reduced.

Reversed and remanded for further proceedings consistent with the foregoing opinion. Jurisdiction is not retained.