519 A.2d 483

**Lydia S. THOMSON, Appellant**

**v.**

**Michael R. THOMSON.**

**Lydia S. THOMSON**

**v.**

**Michael R. THOMSON, Appellant.**

Superior Court of Pennsylvania.

Argued May 1, 1986.

Filed Dec. 22, 1986.

Ray F. Middleman, Pittsburgh, for appellant (at 1147) and appellee (at 1179).

Maurice A. Nernberg, Jr., Pittsburgh, for appellant (at 1179) and appellee (at 1147).

Before DEL SOLE, MONTEMURO and POPOVICH, JJ.

DEL SOLE, Judge:

The cross-appeal presented herein followed a trial court order which determined the equitable distribution of the parties marital property and structured an award of temporary alimony and partial counsel fees to Lydia S. Thomson, (Appellant at No. 01147 PGH 85). The Appellant at No. 01179 PGH 85 is Michael R. Thomson. For purposes of this appeal the parties shall be referred as to "wife" and "husband", respectively.

The order at issue followed extensive hearings before a court appointed master, who submitted to the court a 46 page report including recommendations. The trial court by means of its Order dated August 19, 1985, accepted each of the Master's recommendations; however, it refused to make the $1,200.00 per month alimony award permanent and, instead, limited its duration to December, 1985.

In her appeal, wife maintains the court erred when it refused to adopt the Master's recommendation as to the duration of her monthly alimony award. She asserts, that based upon her age, her reasonable needs and the disparity in the income earnings and earning capacities of the parties, she is entitled to permanent alimony.

This court, when reviewing the equitable distribution of marital property and an award of permanent alimony, must utilize an abuse of discretion standard; absent an abuse of discretion by the trial court we will not disturb the award. *Ruth v. Ruth*, 316 Pa.Super. 282, 462 A.2d 1351 (1983).

Alimony has been defined as a form of support which continues after divorce and insures that reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. *McNulty v. McNulty*, 347 Pa.Super. 363, 500 A.2d 876 (1985). The legislature has provided for alimony in the Divorce Code at 23 P.S. § 501. Therein:

> Subsection (a) directs that alimony shall be awarded only if the party seeking alimony lacks sufficient property to provide for his or her reasonable needs and is unable

to support himself or herself through appropriate employ-ment. Subsection (b) directs that if upon consideration of the fourteen enumerated factors (in addition to any other relevant factors) the court finds it necessary, alimony shall be awarded.

*Geyer v. Geyer*, 310 Pa.Super. 456, 462, 456 A.2d 1025, 1028 (1983).

Section 501(c) provides in pertinent part:

(U)nless the ability of the party seeking the alimony to provide for his or her reasonable needs through employ-ment is substantially diminished by reason of age, physi-cal, mental or emotional condition ... or other compelling impediment to gainful employment the court ... shall limit the duration of the order to a period of time which is reasonable for the purpose of allowing the party seeking alimony to meet his or her reasonable needs by:

    (1) obtaining appropriate employment; or

    (2) developing an appropriate employable skill.

23 P.S. § 501(c).

The trial court in limiting the duration of the award was bound to consider that wife was 48 years old and had earned no income over the past years from her position as owner/operator of a floral business, and that husband had considerable earnings. The court also accepted the Mas-ter's conclusion that wife had "reasonable needs of $2,200.00 per month." However, the court found "between her earnings from employment and the conversion of her unproductive assets to productive one, Wife (could) easily net the $2,200.00 per month that the Master found she needed." In reaching this conclusion the court pointed to wife's business, Plants Galore, Inc. The Master concluded this business, which was awarded to wife, had no value for purposes of equitable distribution although she recognized that the business premises had an appraised value of $91,-000.00, subject to a debt of approximately $20,000.00. The Master also attributed a $1,000.00 per month earning capac-ity to Appellant for her work at Plants Galore although she received no compensation for her services since the business

was established in 1977. The trial court found wife could not "tie up both her labor and capital in a losing effort."

We perceive this as a realistic and proper consideration. Much like one cannot elect to change his earning potential to a much lower level to escape duties of support, *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984); *Bickley v. Bickley*, 301 Pa.Super. 396, 447 A.2d 1025 (1982), we do not believe wife can continually invest her time and assets in an unproductive business and seek alimony as a means of support.

Experts at the hearing revealed a person performing managerial functions in a greenhouse business would earn between "$18,000.00 and $25,000.00 per year, depending on experience". Although the wife had eight years experience, the Master found her earning potential to be only $1,000.00 per month net. The trial court apparently found this figure to be an inaccurate reflection of wife's earning capacity.

In addition the trial court pointed out that the Master failed to consider the income which could be earned on the assets wife was awarded in equitable distribution. This additional income would result from investments and interest earned on the assets. These assets included $25,795.00 from a Merrill-Lynch Account, the marital residence valued at $76,000, Persian Rugs, and a diamond ring, as well as the Greenhouse property. After allowing for a reasonable transition period, the court determined the alimony payments to wife should terminate.

We find, in view of the above, the court's limitation on the alimony award was proper. The trial court gave due consideration to the factors mandated by statute, and thereafter entered an alimony award which in amount and duration was fair and reasonable.

Wife asks the court to remand the case to permit the trial court to "mold" the "equitable distribution package" in the event we affirm the trial court's alimony award. This we decline to do.

While the courts have noted the interrelationship between alimony and equitable distribution awards, *See Stanley v. Stanley,* 339 Pa.Super. 118, 488 A.2d 338 (1985); *Braderman v. Braderman,* 339 Pa.Super. 185, 488 A.2d 613 (1985), our action in this case does not necessitate a remand.

The trial court, in limiting the duration of the alimony award from the permanent award recommended by the Master, did so based upon the amount of the assets acquired by wife in equitable distribution. Unlike the case where the court reverses an equitable distribution award, and therefore must also remand for a reconsideration of alimony, *See Braderman, supra.,* here the alimony was terminated *because* the court found the wife received sufficient assets in the property distribution to make a permanent alimony award unjustified. In the first situation the wife may receive more or less property in the redistribution which is likely to effect the amount and duration of alimony she requires. In this case, the court's actions, refusing to grant permanent alimony, were based on the 60% property distribution award she received. For this reason, it would be improper for the court to redistribute the parties property.

█ The wife also claims the award of counsel fees in the amount of $12,000.00 was insufficient. The Master noted, wife sought fees and costs in the amount of $51,917.33 in her post-trial Brief, but concluded, the fees could "not be seen as reasonable, even under the difficult circumstances of this case." Master's Report at 45.

Fee awards are "made under Section 502 of the 1980 Code, which permits the court to award 'reasonable' amounts for fees and costs ...". *Chaney v. Chaney,* 343 Pa.Super. 77, 89, 493 A.2d 1382, 1389 (1985). An award of counsel fees is appropriate when necessary to allow a dependent spouse to maintain or defend an action in divorce. *Miller v. Miller,* 352 Pa.Super. 432, 508 A.2d 550 (1986). The court is to make a fee award determination by examining the size of the moving party's estate, the value of counsel's services, and the ability to pay. *Semasek v.*

*Semasek,* 331 Pa.Super. 1, 479 A.2d 1047 (1984). As is true with alimony, this court's review of an award of counsel fees is limited to a determination of whether the trial court abused its discretion. *Prozzoly v. Prozzoly,* 327 Pa.Super. 326, 475 A.2d 820 (1984).

In fashioning the award proposal it was necessary for the master to examine wife's ability to maintain the action by considering the assets she was to be awarded and the proposed alimony payments she was to receive. The Master commented that the proposed cash award from the Merrill-Lynch account was not to be characterized as an asset available for payment of fees in light of wife's assumption of the debts on the marital residence and her indebtedness to two individuals. Although wife sought a much greater fee award, the Master determined an award of $12,000.00 was reasonable. The trial court adopted this finding without comment.

The trial court made the fee award by relying solely on the report of the Master. However, the trial court materially altered one of the factors which is to be considered when fashioning an award. The Master, when estimating wife's estate, had before her for consideration a permanent alimony award of $1,200.00 per month. The trial court, believing this extended award to be in error, limited the duration of alimony payment to December 1985. The trial court failed to comment on the effect the restructed alimony award had on the ultimate fee award and on the record before us, we can not conclude that the court even considered their relationship.

In this case, wife was granted an award of counsel fees which represents only a fraction of the actual billing. It is necessary to determine whether a fee award of $12,000.00 is proper in light of the trial court's elimination of permanent alimony. Accordingly, we find we must remand this case to the trial court for reconsideration of wife's entitlement to counsel fees.

■ We now turn to the matters raised by husband in appeal number 01179 PGH 1985.

Husband first suggests the court incorrectly adopted the Master's finding that wife was credible and believable. The trial court in its Opinion makes no comment regarding the parties credibility; however, the court does state it adopts the Master's recommendation *in toto*, except that regarding alimony.

In her report, the Master states she "found the testimony of Lydia Thomson to be *generally* credible", and *"most* issues of credibility were resolved in favor of Lydia Thomson". Master's Report at 5. Emphasis added. Although husband points to inconsistencies and discrepancies in wife's testimony, we note the Master did not blindly accept wife's testimony and her position regarding every issue. The Master found the wife *generally* more credible. This determination is a function properly left to the factfinder. Credibility of witnesses is for the factfinder to determine as she has the parties before her and can observe their demeanor and attitude and can make a more reasonable assessment of where the truth lies than can the reviewing court. *Com. ex rel. Caplan v. Caplan*, 236 Pa.Super. 605, 346 A.2d 822 (1975). Accordingly, we reject husband's claim.

■ Husband next alleges the proceeding was tainted by the unfairness of the Master as demonstrated by her refusal to permit evidence necessary to husband's case. Our review of the record reveals no such prejudice on the part of the Master. The reasons outlined for her decision to refuse husband's witnesses from testifying appear on page 4 and 5 of her report. The Master also remarks on page 24 of her report that even assuming the witnesses had testified as represented by Husband, the evidence would still remain insufficient to controvert the opinion of the court-appointed expert. We find no fault with the Master's conclusions or conduct.

Husband also contends wife committed such waste as to require reduction of alimony and equitable distribution, and the Master failed to consider this fact "at all". The Master's report disputes this contention. On pages 26 and 27 of the report the Master discussed at length husband's allega-

tions that wife was wasteful and extravagant. The discussion concludes: "... the Master ... rejects Defendant's contention that his wife wasted family funds." Master's Report at 27.

■ The remaining claims of husband each deal with the valuation of certain marital property. He asserts that Master and the court assigned incorrect values to the following:

1. Plants Galore, Inc.

2. Husband's Pension and Profit Sharing Plans

3. Property at Indian Lake

4. Property at Beechwood Boulevard

5. Persian Rugs

6. Diamond Ring

7. Money Market Fund

8. Volkswagon Automobile

9. Van

10. Silver

11. The effect of Taxes on the Award; and

12. The giving of credit for Debt alleged by wife.

The values assigned to these items by the Master and adopted by the trial court were made by relying upon estimates, appraisals, and records of purchase prices. Although no specific values were established for the car, van and silver, the Master stated that little competent evidence was adduced on the value of these and other property. The Master determined that these items of personalty for which no value has been assigned, including the automobiles, furniture and a ski boat, would be awarded to the party in possession of the item.

The review of a trial court's adoption of a master's equitable distribution of marital property requires this court to keep in mind that the master and the trial court were free to accept or reject the parties' testimony. *Estep v. Estep*, 326 Pa.Super. 404, 474 A.2d 302 (1984). This court must also utilize an abuse of discretion standard of review

549

in determining the propriety of the property distribution in a divorce matter. *King v. King,* 332 Pa.Super. 526, 481 A.2d 913 (1984).

We have reviewed the claim made by Husband in light of the above standard, and we conclude the values placed by the Master and adopted by the trial court were reasonable and the resulting property distribution fair. We therefore reject husband's allegations of error.

Order affirmed in part. Case remanded to the trial court for reconsideration of the award of counsel fees.

Jurisdiction relinquished.