563 A.2d 180

**David George McFADDEN, Appellant,**

v.

**Marjorie Marotte McFADDEN.**

Superior Court of Pennsylvania.

Argued March 7, 1989.

Decided Aug. 2, 1989.

Lynn Y. MacBride, Chambersburg, for appellant.

Sandra L. Meilton, Harrisburg, for appellee.

Before McEWEN, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

The appellant, David McFadden, appeals from the denial of his petition to terminate or reduce his spousal support obligations. We reverse and remand for proceedings in accordance with the provisions of this opinion.

On October 1, 1981, David McFadden and Marjorie McFadden were granted a divorce. At the same time, the parties entered into a Stipulation and Agreement which was approved by the court and incorporated into the divorce decree. The Stipulation and Agreement covered the issues of alimony and equitable distribution of property. In re-

gard to alimony, the Agreement provides that "The plaintiff [David McFadden] is to pay the defendant [Marjorie McFadden] alimony in the amount of $400.00 per month so long as she may live or until changed by order of court, ..." Concerning the equitable distribution of their property, the Agreement provided that the marital residence became property of the parties as tenants in common subject to several conditions: First, Marjorie McFadden was granted the right to possess and occupy the residence during her lifetime or until she decides to cease occupying the home permanently; second, she was obligated to maintain the property; and third, upon sale of the property, the parties are to divide the proceeds equally or David McFadden is to receive $22,5000 whichever is less. The Agreement further provided that "All other property of the plaintiff and defendant, whether marital property or not, shall become the absolute property of the party now having possession or control or ownership thereof, ..." The Agreement also provided for the payment of taxes and counsel fees.

For four and one-half years, David McFadden faithfully complied with the Stipulation and Agreement. However, on March 13, 1986, he filed a petition to terminate or reduce alimony due to his impending retirement on April 1, 1986. A Master was appointed to hear the petition. He found that the Agreement was modifiable and that the approximately 56% reduction in David McFadden's income due to his "good faith" retirement constituted a substantial change in circumstances warranting modification. After the hearing, the Master recommended a reduction in alimony from $400 per month to $320 per month. Both parties filed exceptions to the Master's Report. Upon review, the lower court found that the Agreement did not contain a specific modification clause and, consequently, held the Agreement was not modifiable. The court further opined that David McFadden's retirement was a foreseeable and expected change and did not qualify as a substantial change in circumstances which would warrant modification. This appeal followed.

On appeal, David McFadden contends: 1) The lower court erred in ruling that the Stipulation and Agreement's provision regarding alimony was not modifiable due to the absence of a modification clause; 2) The lower court erred in ruling that, even if the Agreement was modifiable, there has not been a substantial and continuing change of circumstances which would justify modification; and 3) His pension was awarded *in toto* to him as a part of the equitable distribution of marital property, and, consequently, it should not be included as income for the purpose of computing his alimony obligation.

When reviewing alimony orders, our review is limited to a determination of whether the lower court committed an error of law or an abuse of discretion. *Lee v. Lee*, 352 Pa.Super. 241, 245–46, 507 A.2d 862, 865 (1986); *Mazzei v. Mazzei*, 331 Pa.Super. 432, 480 A.2d 1111, 1113 (1984).

 In ruling that the Stipulation and Agreement regarding alimony and property distribution which was incorporated into the divorce order was not modifiable, the lower court relied upon *Stanley v. Stanley*, 339 Pa.Super. 118, 488 A.2d 338 (1985). Therein, a panel of the Superior Court ruled that an agreement between the parties to a divorce action which addressed equitable distribution of marital property as well as alimony and which was reduced to a consent order could not be modified. However, "[t]o the extent that *Stanley* suggests that an agreed court order for the payment of alimony cannot be modified in the event of a substantial change in circumstances, ..., it has been overruled sub silentio by the opinion of the court en banc in *Hollman v. Hollman*, [347 Pa.Super. 289, 306, 500 A.2d 837, 846 (1985) ]." *Lee*, 507 A.2d at 865 n. 2. Thus, by relying upon *Stanley, supra*, and ruling the alimony award was not modifiable, the lower court committed an error of law.

In *Lee, supra*, the court was presented with facts similar to those at bar. By agreement, William and Virginia Lee divided their marital property and made provision for alimony. This agreement, in fact, was merely an acknowledge-

ment of an agreed court order for permanent alimony. The *Lee* court, following the *Hollman* decision, ruled that a court order for alimony entered pursuant to an agreement of the parties is subject to modification upon proof of a continuing and substantial change in the economic circumstances of the obligor. *Lee*, 507 A.2d at 864; 23 Pa.S.A. § 501(e) and (f). Similarly, we find that this agreement which was specifically incorporated into the divorce decree (and did not reject merger) is modifiable as to alimony if the appellant proves that a continuous and substantial change in circumstances has occurred.[1] See generally, *Sonder v. Sonder*, 378 Pa.Super. 474, 485–95, 549 A.2d 155, 161–166 (1988); *Factor v. Factor*, 367 Pa.Super. 128, 132–35, 532 A.2d 823, 825–826 (1987).

■ It follows then that we must determine whether the lower court correctly determined the appellant's retirement did not amount to a substantial change in circumstances warranting modification. The lower court expressly held: "[W]here the parties agreed upon the amount of the support, the foreseeable and expected change in employment status of one party does not qualify as a substantial change in circumstances justifying modification of the support. *Com. ex rel. Scanlon v. Scanlon*, 311 Pa.Super. 32, 457 A.2d 98 (1983)." Trial Court Op. at 7. However, we must disagree with the trial court's reasoning that the appellant's knowledge of his retirement almost five years in the future automatically precludes a modification of the alimony or-

1. We note that even if the agreement had not been incorporated into a court order and thereby modifiable under the Divorce Code, the agreement would have been modifiable as a contract in an assumpsit action. *See generally Hollman, supra.* Instantly, the lower court, erroneously applying *Equitable Gas Co. v. City of Pittsburgh*, 507 Pa. 53, 488 A.2d 270 (1985) ("unless plainly meant otherwise a modifying clause operates only upon the phrase preceding it"), reasoned that the modification clause only applied to the durational aspect of the alimony award. Contrary to the findings of the lower court, we find that the clear language of the agreement specifically provided that the *amount and duration* of the alimony were subject to modification by order of court.

der.[2]

Section 501(e) of the Divorce Code expressly provides that any alimony order may be "modified, suspended, terminated, reinstated or a new order made" upon "changed circumstances." As noted in *Teribery v. Teribery*, 357 Pa.Super. 384, 393, 516 A.2d 33, 37–38 (1986), an alimony award need not reflect all contingencies—"Should either party die or become disabled, for example, a petition for modification can be filed to reflect changed circumstances." Thus, under the present circumstances, the alimony award did not need to reflect the contingency of voluntary retirement which was approximately five years in the offing.[3]

■ Pennsylvania case law clearly establishes that retirement can serve as the basis for the changed circumstances

2. The trial court's reliance on *Scanlon, supra*, is misplaced. In *Scanlon, supra*, the husband petitioned to reduce support contending that his financial situation and his wife's employment status had changed. The lower court granted the petition. However, the Superior Court reversed reasoning that the change of circumstances did not warrant a reduction of support. We so decided for two reasons: First, there was no material or substantial change in Mr. Scanlon's financial status; and second, Mr. Scanlon, at the time he signed the support agreement, knew of his wife's impending employment, and, in fact, Mrs. Scanlon began working full-time prior to the entry of the consent order.

The factual distinctions between *Scanlon, supra*, and the case *sub judice* are obvious. Instantly, the appellant's earnings have been reduced substantially, and the act which caused the changed circumstances, his "good faith" retirement, occurred five years after entry of the original alimony order.

3. The purpose of the Divorce Code is to "[e]ffectuate economic justice between parties ... according to the actual need and ability to pay ..." 23 Pa.S.A. § 102(a)(6). As stated in *Com. ex rel. Burns v. Burns*, 232 Pa.Super. 295, 299, 331 A.2d 768, 771 (1974):

If there is strong evidence indicating that a man planned his retirement so as to retire at the age of 61 then we are of the strong opinion that even if he and his wife were living together there could be no complaint on the part of the wife that her income would be reduced. Certainly this being so, an estranged wife would have no greater claim on such a husband.

Similarly, the record before us reveals that the appellant did not retire in an effort to reduce the amount of support due his ex-wife. The Master specifically found that the appellant's retirement was made in "good faith." Thus, the appellee should not automatically be allowed to avoid review of the original alimony award simply because the orginal agreement did not expressly plan for retirement.

of a substantial and continuing nature necessary to modify an alimony award. In *Lee, supra,* we found that the lower court erred when it refused to consider the changed financial circumstances of the appellant brought about by forced, early retirement. 507 A.2d at 865. In *Mazzei, supra,* we alluded to the fact that voluntary retirement can also constitute changed circumstances of a substantial and continuing nature. 480 A.2d at 1117 n. 6. Further, in *Com. ex rel. Burns v. Burns,* 232 Pa.Super. 295, 331 A.2d 768 (1974), and *Com. ex rel. Ross v. Ross,* 206 Pa.Super. 429, 213 A.2d 135 (1965), we held that a husband's retirement must be considered, in light of the attendant circumstances, to determine the extent of a husband's responsibility to support his estranged spouse. Accordingly, we find the lower court abused its discretion in refusing to consider the changed financial circumstances of the appellant brought about by voluntary retirement.[4]

Having determined that the alimony award was modifiable and that the appellant's voluntary retirement (and its effect on the appellant's financial status) was a sufficient change to allow modification of the alimony award, we must now address the appellant's final question: Whether his pension which was allegedly awarded to him *in toto* as a part of the equitable distribution of marital property should be considered as income for the purposes of determining his alimony obligation.

■ Under Pennsylvania law, it is clear that the appellant's pension was marital property subject to equitable distribution. *Flynn v. Flynn,* 341 Pa.Super. 76, 491 A.2d 156 (1985); *Braderman v. Braderman,* 339 Pa.Super. 185, 488 A.2d 613 (1985); *King v. King,* 332 Pa.Super. 526, 481 A.2d 913 (1984). Instantly, the appellant alleges that his pension has already been subjected to equitable distribution of marital property pursuant to the consent order whereby he retained absolute ownership of the fund. However, the

4. Prior to retirement, the appellant's earned income from Chambersburg Engineering Company was as follows: 1984—$38,089.00, 1985—$36,040.00. Appellant pension income is $3,600.00 per year supplemented by $8,736.00 in social security benefits. Master's Report, p. 5.

record demonstrates otherwise. The appellant specifically admitted on-the-record that his pension was not even considered when the marital property was distributed. Notes of Testimony, February 3, 1987, pp. 22–23. Since his pension was not subjected to equitable distribution as it should have been, the pension must be considered when fashioning the alimony award.

Moreover, it is equally clear that income from a pension is to be considered when fashioning an alimony award, even if the pension was previously subjected to equitable distribution. See 23 Pa.S.A. § 501(b)(3), (10), (13); *Pacella v. Pacella,* 342 Pa.Super. 178, 190, 492 A.2d 707, 711–712 (1985) (court did not err in considering earlier equitable distribution property in fashioning alimony); *Braderman,* 488 A.2d at 620 (pension subject to equitable distribution also may be used to calculate alimony award). See also 23 Pa.S.A. § 501(a)(1); *Geyer v. Geyer,* 310 Pa.Super. 456, 456 A.2d 1025 (1983) (when determining whether spouse seeking alimony has sufficient resources to provide for his or her reasonable needs, spouses property acquired through equitable distribution must be considered). Therefor, even if the appellant was previously granted absolute entitlement to the pension income, that income would still be used to determine alimony.

In sum, we find that the stipulation and agreement incorporated into the divorce decree is modifiable, and the appellant's voluntary retirement constitutes a change of circumstances of a continuing and substantial nature. We are convinced that the lower court abused its discretion when it found: "When an agreement is entered into, however, with full knowledge of an impending change in a party's employment status, the change in employment status, when it occurs, is not a change in circumstances sufficient to justify modifying the order." However, it is important to note that our holding does not imply the appellant is entitled to a reduction in his support obligation; rather, we expressly direct the lower court to hold an evidentiary hearing on whether a modification is warranted in light of the factors

enumerated in 23 Pa.S.A. § 501. In other words, the change in the appellant's economic situation due to retirement merely allows him an opportunity to demonstrate the need for a reduction. Finally, we hold that the appellant's pension must be considered when reviewing the propriety of the present alimony award. In accordance with the provisions of this opinion, we reverse and remand for a hearing on the appellant's petition to modify his alimony obligation.

Reversed and remanded for proceedings in accordance with the provisions of this opinion. Jurisdiction relinquished.

McEWEN, J., files a Concurring and Dissenting Statement.

McEWEN, Judge, concurring and dissenting.

I am of one mind with my distinguished colleagues of the majority that the alimony/equitable distribution agreement executed by the parties in October of 1981 and incorporated into the final decree of divorce, is modifiable upon a showing of a material change in circumstances, and also agree that pension monies received by appellant must be considered by the court in fashioning an alimony award. I must respectfully disagree, however, with the conclusion of the majority that appellant's voluntary retirement at age sixty-five, within five years of execution of the agreement, constitutes such a material change of circumstances as would warrant modification of the alimony provisions of the parties' agreement.

Had the parties intended appellant's voluntary retirement at the customary age of sixty-five to constitute a material change of circumstances sufficient to allow reduction of the agreed amount of lifetime alimony payable to appellee, that intent should have been expressed in the stipulation and agreement since the event was but five years ahead and thereby clearly contemplated by both parties at the time of the execution of the agreement which provided for appellee to receive $300 per month alimony until her death.

Moreover, appellant's retirement at age sixty-five has caused a minimal change in his economic circumstances. Appellant testified that he receives $300 per month in pension benefits ($3,600 per year), as well as $728 per month in Social Security benefits ($8,736 per year), and that his current wife, a bank teller, contributes approximately $12,000 per year to the household. Additionally, while appellant testified that he and his present wife anticipated interest income of $4,000 in 1987, they reported interest income, on their 1985 jointly filed 1040 form, in the amount of $10,084. Appellant's estimate as to his 1987 interest income is further questionable since he testified that while he has not liquidated any of his certificates of deposit since that time, his estimate of decreased interest income for 1987 was based solely upon lower available interest rates. Thus, the testimony of appellant indicated that his household income for 1987 was an amount somewhere between $28,336 and $34,336.

Since I believe the trial court properly found that appellant had not established a material change of circumstances, I would affirm the order of the learned trial judge.