STEVENSON, J.
We have three final orders for .review: (1) an order denying appellant’s contest to the registration of a foreign support order under the Uniform Interstate Family Support Act, Chapter 88, Florida Statutes; (2) an income deduction order; and (3) an order denying a motion to vacate the first order. Because the order sought to be registered was not a “support” order within the meaning of the statute, we reverse all three orders on appeal.
Robert McMahon and Janet Marshall were married on September 24, 1976. Three children were born of the marriage. On April 7,1989, a divorce decree and final judgment was entered by the trial court in Montgomery County, Pennsylvania. See McMahon v. McMahon, 417 Pa.Super. 592, 612 A.2d 1360 (1992). Prior to entry of the final divorce decree, the parties had separated and entered into a settlement agreement, which provided for. child support payments and alimony. The agreement required McMahon to make weekly payments to the wife in the amount of $791.00, of which fifty, percent would be deemed alimony and fifty percent child support. See id. at 1363. By express stipulation between the parties, the settlement agreement was “incorporated but not merged” into the final divorce decree. Id. at 1362.
The former wife remarried on June 25, 1989, and McMahon petitioned ■ the trial court 'to terminate alimony. The trial court denied McMahon’s petition. He then' appealed to the Pennsylvania Superi- or Court, arguing that he was no longer required to pay alimony due to former wife’s remarriage. The Pennsylvania Superior Court affirmed the lower court’s ruling and found that the parties had willingly stipulated that the property settlement agreement would survive the divorce decree as a separate contract. The agreement directed that both the alimony and the child support payments would end when the “youngest living child reaches the age of twenty-one, is emancipated or finishes college whichever occurs last.” Id. at 1363-64. The Pennsylvania Superi- or Court concluded that McMahon had a “contractual” obligation to pay child support and alimony pursuant to that agreement:
The divorce decree states on its face that the agreement is incorporated by reference but does not merge with it. As such, we cannot interpret this agreement as an order of court, as Husband suggests, but we must respect the agreement as a separate and independent contract which survived the divorce decree. Here, Wife’s right to payment is not based on an award but is instead based on the signature of Husband to a contract. Stanley v. Stanley, 339 Pa.Super. 118, 488 A.2d 338 (1985).
Id. at 1363. Based on this reasoning, the Pennsylvania court concluded that the general rule of law requiring automatic termi *46 nation of court-ordered alimony upon remarriage of the alimony recipient was not applicable. Id.
After the divorce, McMahon relocated to Florida. On July 17, 2002, a Uniform Interstate Family Support Act (UIFSA) proceeding was initiated in Florida by the filing of transmittal information from Pennsylvania, which referenced a delinquent amount of $399,242.26 due the former wife from McMahon. Based on the documents provided, this arrearage stemmed from McMahon’s failure to comply with the pre-divorce decree agreement between the parties. On December 6, 2002, the Palm Beach County circuit court denied McMahon’s contest to the registration of the foreign support order and entered an income deduction order. The circuit court later denied McMahon’s motion to vacate the order denying his contest to registration of the foreign support order.
We find that the trial court erred in denying McMahon’s contest to the validity or enforcement of the foreign order on review. The UIFSA applies to the application, registration, modification, or enforcement of child or spousal support orders of another state. See § 88.3011, Fla. Stat. (2003). Under UIFSA, a “support order” is defined as “a judgment, decree, or order, whether temporary, final, or subject to modification, for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care, arrearages, or reimbursement, and may include related costs and fees, interest, income withholding, attorney’s fees, and other relief.” § 88.1011(21).
Here, the Pennsylvania Superior Court’s conclusion that McMahon’s payment obligation to the former wife was pursuant to an agreement, and not a court order, precluded the application of the UIFSA to the instant case. See § 88.3011. In the words of the Pennsylvania court, “[ujnder [Pennsylvania] common law, where a property settlement agreement is entered and is thereafter incorporated but not merged into the divorce decree, it remains a contract between the parties, in which the court has no involvement.” McMahon, 612 A.2d at 1365.[1]
Accordingly, we reverse the orders on appeal and remand with directions that the trial court vacate the registration of the purported support order, which accompanied the letter of transmittal in the instant case. See §§ 88.6061, 88.6071, Fla. Stat. (2003). We note that this opinion is without prejudice to the other avenues available for the former wife to enforce the Pennsylvania judgment in Florida.
REVERSED and REMANDED.
GUNTHER and HAZOURI, JJ., concur.

. In this regard, Pennsylvania courts apparently make no distinction between "property settlement” agreements and "support" agreements. See Jaclcson v. Culp, 400 Pa.Super. 519, 583 A.2d 1236, 1238 (1990).