J-A19036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENNIS GRESH, PERSONAL | : | IN THE SUPERIOR COURT OF |
| REPRESENTATIVE AND/OR GUARDIAN | : | PENNSYLVANIA |
| AD LITEM OF THE ESTATE OF | : | |
| CATHERINE GRESH, | : | |
| | : | |
| v. | : | |
| | : | |
| CONEMAUGH HEALTH SYSTEM, INC., | : | |
| CONEMAUGH VALLEY MEMORIAL | : | |
| HOSPITAL, INC. AND PHILLIP | : | |
| GVOZDEN, M.D., | : | |
| | : | |
| | : | |
| APPEAL OF:  DENNIS GRESH, | : | |
| | : | |
| Appellant | : | No. 1261 WDA 2014 |

Appeal from the Order entered on June 23, 2014
in the Court of Common Pleas of Cambria County,
Civil Division, No. 2004-1741

BEFORE:  BENDER, P.J.E., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED September 1, 2015**

Dennis Gresh ("Gresh") appeals from the Order directing Conemaugh

Health Systems, Inc., Conemaugh Valley Memorial Hospital, Inc., and Phillip

Gvozden, M.D. (collectively "Defendants") to pay the amount specified in the

settlement agreement.[1]  We affirm.

Gresh is the guardian of the estate of his mother, Catherine Gresh ("Catherine").  Gresh retained Victor Pribanic ("Attorney Pribanic") of Pribanic & Pribanic to file a medical malpractice lawsuit against Defendants. Gresh subsequently filed a Complaint, alleging that Defendants committed malpractice, which resulted in Catherine's death.

In November 2012, Attorney Pribanic settled the lawsuit against Defendants for $800,000. Attorney Pribanic prepared a Petition to Approve Settlement.  Gresh, however, refused to sign the verification to the Petition because it stated that counsel fees were to be 40% of the settlement amount.  Gresh stated that Attorney Pribanic had agreed to be paid $175 an hour, and there was no evidence of a written contingent fee agreement.

On April 30, 2014, the Defendants filed a Motion to Enforce Settlement.  In response, Attorney Pribanic filed the earlier prepared Petition to Approve Settlement on May 20, 2014.   The trial court approved the settlement on May 27, 2014.

---

[1] The Order is in the form of a final judgment. **See Ruspi v. Glatz**, 69 A.3d 680, 682 n.1 (Pa. Super. 2013) (stating that "[a]ppeals to this Court are usually permitted only after entry of a final judgment[.]") (citation omitted). Moreover, the Order was the final pronouncement in the case. **See Johnston the Florist, Inc. v. Tedco Constr. Corp.**, 657 A.2d 511, 513 (Pa. Super. 1995) (stating that "[a]s long as the order from which a party appeals was clearly intended to be a final pronouncement on the matters discussed . . . the appeal is properly before us and . . . we have jurisdiction to address the parties' claims.") (citation omitted).  Thus, we will address Gresh's appeal.

Gresh expressed concerns about the contingent fee agreement, so the trial court scheduled a hearing for June 14, 2014.[2] On June 23, 2014, the trial court entered an Order confirming its prior Order approving the settlement. That same day, the trial court entered a separate Order directing the Defendants to pay $800,000 to Gresh, and for Gresh to pay Pribanic & Pribanic $320,000. Gresh filed a Notice of Appeal.

On appeal, Gresh raises the following questions for our review:

1. Did [Gresh] consent to the payment of $320,000.00 to [Attorney Pribanic]?

2. May a lawyer collect a contingent fee without producing a copy of a written contingent fee agreement?

3. Did the lower court abuse its discretion in approving the distribution of $320,000.00 to [Attorney Pribanic]?

Brief for Appellant at 6.[3]

In his first claim, Gresh contends that his appeal should not be quashed, as he did not consent to the payment of $320,000.00 to Pribanic & Pribanic. *Id.* at 13.

Here, the Order dated June 23, 2014 states "AND NOW, this 23rd day of June, 2014, **with the consent of all parties**, [the Defendant's insurer] is directed to pay the settlement. . . ." Order, 6/23/14, at 1 (emphasis added); *see also Karkaria v. Karkaria*, 592 A.2d 64, 71 (Pa. Super. 1991)

---

[2] Gresh did not file a Motion or Petition. Nevertheless, based on Gresh's concerns, the trial court held a hearing.

[3] We will address Gresh's second and third claims together as both relate to the existence of an oral contingent fee agreement.

(stating that a party who has acquiesced to an order or judgment will not later be heard to challenge it). As a result, this Court issued a rule to demonstrate why the appeal should not be quashed. Gresh filed a timely response, stating that he did not agree to pay the contingent fee. This Court discharged the rule to show cause because Gresh disputed the amount of fees awarded to Pribanic & Pribanic. Pribanic & Pribanic does not seek to quash the appeal in its appellate brief. Thus, we will address Gresh's remaining claims.

In his second claim, Gresh argues that Pribanic & Pribanic cannot collect a contingent fee without having a contingent fee agreement in writing, as required by the Pennsylvania Rule of Professional Conduct 1.5(c).[4] Brief for Appellant at 15-18. Since Pribanic & Pribanic cannot produce the written contingent fee agreement, Gresh asserts that Pribanic & Pribanic cannot collect their contingent fee, but instead can file a claim for legal fees based upon *quantum meruit*. *Id.* at 19.

---

[4] Pennsylvania Rule of Professional Conduct Rule 1.5(c) states the following:

> A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from recovery, and whether such expenses are to be deducted from the recovery or after the contingent fee is calculated.

Pa.R.P.C. 1.5(c).

In his third claim, Gresh argues that the trial court abused its discretion by confirming the settlement distribution. Brief for Appellant at 20. Gresh asserts that the trial court conducted "a sham hearing," during which Pribanic & Pribanic failed to produce the written contingent fee agreement or the lawyer who obtained the agreement. *Id.* at 23-25. Gresh contends that the trial court credited the testimony of Attorney Pribanic solely because of Attorney Prianic's profession and the judge's experience handling medical malpractice cases. *Id.* at 24-25. Because Gresh believes the trial court abused its discretion and showed partiality toward Attorney Pribanic, Gresh asserts that he should be given a new hearing in front of a different judge. *Id.* at 25-26.

"An agreement between an attorney and a client on a contingent fee basis is a legal and valid contract and as such is entitled to the protection of the law." *Richette v. Pa.R.R.*, 187 A.2d 910, 912 (Pa. 1963). Contract interpretation is a question of law, and thus, our standard of review is plenary. *Krasinger v. Krasinger*, 928 A.2d 333, 339 (Pa. Super. 2007).

> The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles. In construing a contract the intention of the parties must be ascertained from the entire instrument and each and every part of it must be taken into consideration and given effect if reasonably possible.... Moreover, in order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter agreement.

***Int'l Org. Master, Mates etc. v. Int'l Org. Masters, Mates & Pilots, Inc.,*** 439 A.2d 621, 624 (Pa. 1981) (citations and quotation marks omitted).

At the hearing, Attorney Pribanic testified that on May 21, 2013, at 11:56 a.m., he spoke with Gresh over the phone, and Gresh indicated that he knew he had signed a contingent fee agreement and confirmed that the fee would be 40% of the settlement amount. N.T., 6/23/14, at 6. Attorney Pribanic further testified that he has never, in his career, agreed to try a medical malpractice case on an hourly rate, and even if he had, it would have been at a much higher rate than $175 an hour. ***Id.*** at 11.

Gresh countered, testifying that he and Attorney Pribanic agreed that the case would be charged on an hourly basis, plus expenses. ***Id.*** Gresh asserts that he did not sign a contingent fee agreement, was never aware that such an agreement existed, and that he never subsequently confirmed that he had signed an agreement. ***Id.*** 10-11.

Judge Patrick T. Kiniry ("Judge Kiniry") noted his reasoning for confirming the existence of an oral contingent fee agreement as follows:

> "[W]hen I was in private practice[,] I did personal injury cases. The normal way to handle a personal injury case was on a percentage basis, although there were times when someone would request an hourly rate. Since I have been a judge now for 4½ years[,] I have handled exclusively all of the medical malpractice cases, and all of them have been handled on a contingent fee basis, not an hourly basis. I am also familiar with [Attorney] Pribanic having been in front of me a number of times. He is an officer of the [c]ourt. He is guided by the rules of professional responsibility. I have no reason to disbelieve [Attorney] Pribanic on the way that he and his firm handled this case.

*Id.* at 12-13.

Here, the trial court determined that the testimony of Attorney Pribanic was more credible then the testimony of Gresh. **See Thomson v. Thomson**, 519 A.2d 483, 487 (Pa. Super. 1986) (stating that "credibility of witnesses is for the factfinder to determine as [the factfinder] has the parties before [it] and can observe their demeanor and attitude and can make a more reasonable assessment of where the truth lies than can the reviewing court."). Based upon the record, we conclude that the trial court did not abuse its discretion in requiring Gresh to pay Pribanic & Pribanic a 40% contingent fee agreement despite the absence of a written agreement. **See Silverstein v. Hornick**, 103 A.2d 734, 737 (Pa. 1954) (stating that "[w]here the existence of a contract for a [contingent fee] is established, and the testimony establishes that it is reasonable, it will be upheld, even though verbal."); **see also Novinger v. E.I. Du Pont de Nemours & Co.**, 809 F.2d 212, 218 (3d Cir. 1987) (stating that "[a]lthough Pennsylvania Civil Procedure Rule 202[5] requires that contingent fee agreements be in writing, the absence of such a writing does not make oral contingent fee agreements unenforceable") (footnote added); **Int'l Org. Master, Mates, etc.**, 439 A.2d at 624 (stating that when determining the validity of an oral agreement, the trial court can consider "the surrounding circumstances, the

---

[5] Pa.R.P.C. 202 was repealed and replaced by Pa.R.P.C. 1.5(c).

situation of the parties, the objects they apparently have in view, and the nature of the subject-matter agreement.").[6]

Further, the Rules of Professional Conduct do not prescribe substantive duties on attorneys to have a written contingent fee agreement. ***See In re Adoption of M.M.H.***, 981 A.2d 261, 272 (Pa. 2009) (stating that "[t]he Rules of Professional Conduct do not have the effect of substantive law but, instead, are to be employed in disciplinary proceedings."); ***see also*** Pa.R.P.C., Preamble (stating that a "violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached."). Therefore, the trial court did not abuse its discretion

---

[6] We note that Gresh relies upon Judge Gwilym A. Price's opinion in reversal in ***Frank v. Peckich***, 391 A.2d 624, 638-41 (Pa. Super. 1978), to support his claim that lawyers should not be allowed to collect a contingent fee if it is not in writing. Brief for Appellant at 16-17. In ***Frank***, because the judges were equally divided, the judgment of the trial court was affirmed. Thus, Gresh's reliance on the opinion in reversal, which is not precedential, does not entitle Gresh to relief. Further, in his reply brief, Gresh cites to Pa.R.C.P. 2206, Settlement, Compromise, Discontinuance, and Judgment, to support his claim. Reply Brief for Appellant at 2, 4. However, an appellant cannot raise a new issue in a reply brief. ***See*** Pa.R.A.P 2113(a) (stating that a reply brief is limited to the issues raised in appellee's brief); ***see also Commonwealth v. Ly***, 980 A.2d 61, 91 (Pa. 2009) (stating that the reply brief is an inappropriate means for presenting a new issue). Nevertheless, Gresh has not demonstrated that Rule 2206 requires a written contingent fee agreement.

and properly entered the Order directing payment of the settlement.[7]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2015

---

[7] Gresh also argues that the trial court abused its discretion by failing to notify his siblings about the hearing because they both had an interest in the outcome of the proceedings, and Gresh, as a non-attorney, could not represent their interests. Brief for Appellant at 24. While it is true that Gresh could not represent his siblings' interests, their presence at the hearing would not have changed the outcome of the proceedings and holding another hearing would be a useless gesture. **See id.** (wherein Gresh does not present an argument regarding what testimony or evidence his siblings would have presented at the hearing to contradict the existence of an oral contingent fee agreement).