J-S09017-16

2016 PA Super 60

| | |
|---|---|
| GERALD F. MCKERNAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TERESA M. MCKERNAN, | |
| Appellee | No. 1057 MDA 2015 |

Appeal from the Order May 5, 2015
In the Court of Common Pleas of Clinton County
Civil Division at No(s): 521-2003

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

OPINION BY LAZARUS, J.:                    **FILED MARCH 09, 2016**

Gerald McKernan ("Husband") appeals from the order of the Court of Common Pleas of Clinton County, denying his request to modify or eliminate his alimony obligation of $750.00 per month to Teresa McKernan ("Wife"). After our review, we affirm.

Husband raises two issues for our review:

1. Whether the lower court committed an error of law/abuse of discretion by allowing Wife to choose whether she wanted to utilize her available Social Security Benefits?

2. Whether the lower court committed an error of law/abuse of discretion by failing to credit Wife with income that was available to her through Social Security Benefits to which Wife was entitled, but simply does not choose to obtain?

The parties, married for twenty-four years, were divorced on February 24, 2004.  On October 3, 2005, the court entered an order distributing the

parties' marital property and ordering Husband to pay Wife alimony of $1,106.77 per month.

On March 19, 2012, Husband filed a request for modification, alleging his income had significantly decreased since the prior order. At that time, Wife's income was $18,213.00. The court assigned Husband, who had a degree in biology and had worked for the Pennsylvania Department of Environmental Protection for 31 years, an earning capacity of $50,000. On April 16, 2012, the court entered an order reducing Husband's alimony obligation to $750.00 per month.

On February 10, 2015, Husband again sought modification of his alimony obligation. In his petition, Husband alleged the following changed circumstances: (1) Husband is collecting Social Security benefits in the amount of $1,721.00 per month, having elected to take early retirement at the age of 62 (Husband does not reach full retirement age (66) until September 2018);[1] (2) Wife, who is 63½, is employed at Keystone Central School District, has been employed there for 27 years, and is eligible for early retirement (although she has no intention of taking early retirement); and (3) Husband's rental income has decreased and this loss should offset

_____

[1] **See** 20 C.F.R. §404.409 (listing full retirement age based on year of birth).

his pension income ($4,374.25 per month/State Employee Retirement System) and his Social Security income.[2]

The court held a hearing on Husband's petition for modification on March 24, 2015.[3] On May 5, 2015, the court denied Husband's request for modification. On appeal, Husband argues the trial court erred in refusing to compel Wife to apply for Social Security benefits for which she is eligible and, in the alternative, the court erred in refusing to include as part of Wife's income the benefit amount for which she is eligible. We find no support for these arguments.

In sum, Husband has decreased his monthly Social Security benefit by 24%, from $2,276.00 to $1,721.00, by electing to retire before he reached full retirement age.[4] As such, and as the Honorable Michael J. Salisbury has clearly explained, Husband has decreased the monthly benefit Wife may

_____

[2] We do not address Husband's claim that his rental income has decreased and should offset his Social Security benefits and pension income, as he has not argued this on appeal.

[3] Husband has failed to include a transcript of the hearing in the certified record on appeal. *See* Pa.R.A.P. 1911(a); *see also Commonwealth v. Griffin*, 65 A.3d 932 (Pa. Super. 2013). Further, Husband failed to serve a copy of the notice of appeal on the trial judge, the court reporter and the district court administrator, in violation of Pa.R.A.P. 906(a)(2)-(4). Although we caution Husband that his failure to comply with the rules of court would justify dismissal of his appeal, we do not find our appellate review hampered here as the facts are not in dispute and the trial court addressed the issues raised in its opinion in support of denial of the modification petition.

[4] *See* 20 C.F.R. § 404.410(a)(explaining reduction in benefits when entitlement begins before full retirement age).

ultimately collect because she is entitled to apply for 50% of Husband's benefit amount since their marriage lasted for a period of at least ten years.[5] Thus, since Husband has reduced his benefit by 24%, Wife's benefit will be reduced proportionately as well. The court reasoned that Husband has already penalized Wife with respect to decreasing her available spousal benefit when she does reach full retirement age, and he now seeks to penalize her again by asking the court to include in her earning capacity the early Social Security benefit she elects not to take. We agree with the trial court's assessment. Husband cannot be permitted to dictate Wife's economic future.

Section 3701(e) of the Divorce Code provides:

**Modification and termination**.- An order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon the order **may** be modified, suspended, terminated or reinstituted or a new order made. Any further order shall apply only to payments accruing subsequent to the petition for the requested relief. Remarriage of the party receiving alimony shall terminate the award of alimony.

23 Pa.C.S.A. § 3710(e)(emphasis added). This Court has explained the applicable standard of review as follows:

The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support

---

[5] **See** 20 CFR § 404.331; **see generally** https://www.socialsecurity.gov.

order, this Court will not interfere with the broad discretion afforded the trial court.

*Dalrymple v. Kilishek*, 920 A.2d 1275, 1278 (Pa. Super. 2007) (quoting *Smith v. Smith*, 904 A.2d 15, 20 (Pa. Super. 2006)). To reverse the trial court's decision based on an abuse of discretion, we must find that the trial court has "committed not merely an error of judgment, but has overridden or misapplied the law, or has exercised judgment which is manifestly unreasonable, or the product of partiality, prejudice, bias or ill will as demonstrated by the evidence of record." *S.M.C. v. W.P.C.*, 44 A.3d 1181, 1185 (Pa. Super. 2012) (quoting *Dudas v. Pietrzykowski*, 849 A.2d 582, 585 (Pa. 2004)).

A change in a party's income based upon retirement benefits is a "substantial change of circumstances" upon which a modification of alimony may be based. 23 Pa.C.S.A. § 3701(e). In *Lee v. Lee*, 507 A.2d 862 (Pa. Super. 1986), we found that the trial court erred when it refused to consider the changed financial circumstances of the appellant brought about by forced, early retirement. 507 A.2d at 865. However, the statutory language regarding modification is discretionary, not mandatory. *See* 23 Pa.C.S.A. § 3701(e). There is no authority empowering a trial court to order Wife to apply for and obtain Social Security Retirement benefits prior to reaching full retirement age. *See* 23 Pa.C.S.A. § 3701(b). We know of no provision in the Divorce Code that requires a party to apply for *early* reduced Social

Security benefits, or requires that a party be assessed "retirement income capacity" based solely upon eligibility for Social Security benefits.

Accordingly, we find no error or abuse of discretion in the court's conclusion in this case that Wife's eligibility for Social Security benefits does not establish substantial and changed circumstances under section 3701(e) warranting further modification of Husband's alimony obligation. ***S.M.C.***, ***supra***.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2016