J-S37003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BARBARA A. BRENNER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL J. BRENNER | |
| Appellant | No. 2017 MDA 2016 |

Appeal from the Order Entered November 15, 2016
In the Court of Common Pleas of Lancaster County
Civil Division at No: CI-16-04938

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 15, 2017**

Michael J. Brenner ("Husband") appeals from the November 15, 2016 order entered in the Court of Common Pleas of Lancaster County ("trial court") denying his petition to terminate alimony.  Upon review, we affirm.

Barbara A. Brenner ("Wife") filed for divorce in November 26, 2007, and a divorce decree was issued on November 9, 2009.  On June 24, 2016, Husband filed a petition to terminate alimony.  Wife filed a response on July 14, 2016.  The trial court held a hearing on September 16, 2016, on Husband's petition.  Following briefs by the parties, the trial court denied Husband's petition on November 15, 2016.  Husband filed a timely notice of appeal on December 8, 2016.  On December 13, 2016, the trial court ordered Husband to file a concise statement of errors complained of on

appeal, which Husband complied with on January 3, 2017. The trial court issued a Pa.R.A.P. 1925(a) opinion on February 3, 2017.

The trial court summarized the factual history of the matter as follows.

The parties were married on July 10, 1976, and separated around August 2007. They entered into a Postnuptial Agreement ("Agreement") on October 19, 2009, pursuant to which [Husband] agreed to pay to [Wife] seven thousand seven hundred ninety-one dollars and fifty-eight cents ($7,791.58) per month in alimony (subsequently modified by the parties to seven thousand seven hundred seventy-nine dollars and eleven cents ($7,779.11) per month). [Wife's] attorney drafted the Agreement. [Husband], a sophisticated, successful and self-employed businessman with a college degree, chose to represent himself. [Husband] acknowledges that he had the opportunity to hire his own attorney before executing the Agreement but did not do so. He admitted that he understood what he signed. The Agreement, specifically section seven, permits either party to modify and/or terminate an alimony order if either party has changed circumstances of a substantial and continuing nature citing 23 Pa.C.S.A. § 3701 *et seq*. No specific date to terminate alimony based upon [H]usband's retirement is identified in the agreement.

[Husband] is sixty-three years old and wishes to retire sometime in the year 2017. In 2013, he married his business (Elite Staffing Services, Inc.) office manager. His income for 2015 was approximately three hundred and fifty thousand dollars ($350,000) which consisted of his net profit from the business, approximately twenty-five thousand dollars ($25,000) in rental income, and approximately forty thousand to fifty thousand dollars ($40,000 - $50,000) that his wife earned. In 2007, the years of separation, [Husband] earned approximately four hundred eleven thousand dollars ($411,000). [Husband] has faithfully paid [Wife] approximately ninety-six thousand dollars ($96,000) per year in alimony since separation.

[Wife] is sixty-two years old and a college graduate. In addition to alimony payments, she receives a total of approximately twenty-one thousand dollars ($21,000) from a part-time receptionist position at Interiors Home and her pension as a retired Hempfield School District reading tutor. In 2015,

[Wife] received one hundred fourteen thousand three hundred sixty-six dollars ($114,366) of which ninety-three thousand three hundred forty-nine dollars ($93,349) was alimony. As a reading tutor, [Wife] usually earned between twenty-two thousand to twenty-five thousand dollars ($22,000-$25,000) a year. Consequently, [Wife's] earnings as a reading tutor roughly equals her current income from part time receptionist work and her pension.

[Husband's] petition seeks to terminate his contracted alimony payments when he retires. He argues that with reduced income in retirement along with the obligation to support his new wife he will be unable to continue his alimony payments. [Husband] asserts that there is no date to terminate alimony in the Agreement because he did not when know [(sic)] he would retire. [Husband] contends that he believed the Agreement would allow him to retire and cease his alimony obligations as it was discussed by the parties prior to the execution of the Agreement.

[Wife] on the other hand asserts that the parties never discussed [Husband's] future retirement or its impact on his alimony obligations. [Wife] testified that she would have pursued more of the marital assets when she entered into the Agreement if alimony payments had been limited in duration. She expected, and bargained for, perpetual alimony which would terminate only if she remarried or cohabitated. She contends neither she nor [Husband] has had a substantial change in circumstances since entering into the Agreement. She has been able to secure employment which together with her pension and alimony provides her with an income comparable to her pre-separation position and his income similarly has not changed.

Trial Court Opinion, 2/3/17, at 2-4 (capitalization and citations omitted).

Husband asserts four claims on appeal, including multiple subparts, which we quote verbatim.

I.   Whether the trial court committed an abuse of discretion and erred in denying the petition to terminate alimony by finding that the [Agreement] in fact "specifically, permits a party to modify and/or terminate an alimony order if either party has changed circumstances of a substantial and

- 3 -

continuing nature citing 23 Pa.C.S.A. § 3701(e)" and failed to consider that:

a. The Agreement itself only cites the Divorce Code;

b. The [trial court] construed the Agreement against [Husband] in requiring that [Husband] must have the only substantial and continuing change in circumstances to warrant a modification or termination of alimony, while ignoring [Wife's] substantial and continuing change in circumstances, namely her voluntary retirement/reduction in income;

c. Failing to consider the testimony of the parties that neither party knew what circumstances would warrant a modification or termination in alimony, nor that neither party knew what the duration of the alimony would be, nor what the effect either party's retirement would have on the alimony clause, making that term of the contract ambiguous;

d. That the [trial] court failed to consider parole [(sic)] evidence to interpret the ambiguous term nor did the [trial] court consider the mutual mistake of the parties;

e. That the [trial] court failed to consider that [Wife] was the drafter of the Agreement and that any ambiguous term should be construed against her?

II. Whether the trial court committed an abuse of discretion and erred in finding that "[Husband] asserts his desire to voluntarily retire next year and his remarriage three years ago are substantial and continuing changes in circumstances warranting the termination of his alimony payments" in that the [trial court] ignored evidence that:

a. [Husband] is of age to retire and should not be forced to continue to work simply to provide alimony to [Wife];

b. [Husband] will have difficulty saving for retirement while [Wife] continues to collect alimony, thereby preventing [Husband] from ever retiring; and

c. [Wife's] voluntary retirement is a change in circumstance that warrants termination or modification of alimony?

III. Whether the trial court committed an abuse of discretion and erred in noting that "the Agreement is silent as to the duration of the alimony payments as well as the possibility of [Husband] retiring (voluntarily or involuntarily) and/or remarrying" but entered an order that has the unfair effect of interpreting the Agreement as containing a term of perpetual and indefinite alimony, which is unwarranted, unjust, and punitive against [Husband]?

IV. Whether the trial court committed an abuse of discretion and erred in failing to consider the alimony factors under Pa.C.S.A. [§] 3701(b), particularly in light of the fact that alimony is a secondary remedy that should only continue where economic justice requires because the needs of the receiving party have not been met, and the facts presented in this case show that [Wife] is financially stable, able to support herself and receive more than the total value of the marital estate at settlement, far beyond any distribution she would have receive [(sic)] without [Husband's] alimony obligation?

Appellant's Brief at 3-4.

Preliminarily we note that Husband's brief fails to comply with Pa.R.A.P. 2111(b), 2114, 2115, 2116, 2118, and 2119(a). "[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *In re R.D.*, 44 A.3d 657, 574 (Pa. Super. 2012) (quoting *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) *appeal denied*, 940 A.2d 362 (Pa. 2008)). However, we decline to find waiver in this matter. *See* Pa.R.A.P. 2101.

Husband's argument section is bereft of headings, as required by Pa.R.A.P. 2119(a); however, Husband's claims are intertwined and can be summarized as the trial court abused its discretion when it denied his

- 5 -

petition to terminate alimony because he remarried three years ago and plans to retire in the near future.

Section 3701(e) of the Divorce Code permits modification and termination of an award for alimony. *See* 23 Pa.C.S.A. § 3701(e). Specifically,

> An order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon the order may be modified, suspended, terminated or reinstituted or a new order made. Any further order shall apply only to payments accruing subsequent to the petition for the requested relief. Remarriage of the party receiving alimony shall terminate the award of alimony.

*Id.* Moreover, our standard of review for an alimony order is well established; "we review only to determine whether there has been an error of law or abuse of discretion by the trial court." *McKernan v. McKernan*, 135 A.3d 1116, 1118 (Pa. Super. 2016) (quoting *Dairymple v. Killshek*, 920 A.2d 1275, 1278 (Pa. Super. 2007)) (additional citation omitted). Further, to find the trial court abused its discretion, the trial court must have "committed not merely an error of judgment, but [. . .] overridden or misapplied the law, or [. . .] exercised judgment which is manifestly unreasonable, or the product of partiality, prejudice, bias, or ill will as demonstrated by the evidence of record." *McKernan*, 135 A.2d at 1118 (citations omitted).

First, Husband argues that the Agreement is ambiguous as it does not specifically mention his remarrying or retirement as changed circumstance of

a substantial and continuing nature. "Appellate arguments which fail to adhere to [the Rules of Appellate Procedure] may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosse*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted). Husband's brief is bereft of discussion and legal citation as to how the Agreement was ambiguous. Thus, this argument is waived. Even if this argument was not waived, it is meritless. The language of the Agreement provided that modification would be available to either party in accordance with 23 Pa.C.S.A. § 3701, which permits *either* party to petition to modify alimony upon the changed circumstances of *either* party. 23 Pa.C.S.A. § 3701(e). "In cases of a written contract, the intent of the parties is the writing itself. If left undefined, the words of a contract are to be given their ordinary meaning. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself." *W.A.M. v. S.P.C.*, 95 A.3d 349, 353 (Pa. Super. 2014) (quoting *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004)). The trial court properly found that the Agreement was unambiguous, as it clearly provides for any modifications or termination that would be permissible under the Divorce Code. Thus, Husband's claim fails.

Next, we address the heart of Husband's claim, namely that his new marriage and potential future retirement constitute changed circumstances of a substantial and continuing nature. "Alimony is based upon reasonable

needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." **Balicki v. Balicki**, 4 A.3d 654, 659 (Pa. Super. 2010) (quoting **Teodorski v. Teodorski**, 857 A.2d 194, 200 (Pa. Super. 2004). It should be noted that "case law clearly establishes that retirement **can** serve as the basis for the changed circumstances of a substantial and continuing nature necessary to modify an alimony award." **Commonwealth v. McFadden**, 563 A.2d 180, 183 (Pa. Super. 1989) (emphasis added). However, the law does not mandate the termination of alimony upon a party's voluntary retirement.

In the matter *sub judice*, Husband has yet to retire, instead he merely plans on retiring in the near future, and he has not set a definitive retirement date. Thus, this matter is at best, premature. Moreover, Husband failed to indicate a compelling reason for his future retirement, including but not limited to, health issues, forced retirement, caring for elderly relatives, etc.. **See McFadden**, 135 A.3d at 1118 (trial court did not abuse its discretion in denying husband's petition to terminate alimony when husband voluntarily retired early, reducing his income, and that wife should not be forced to apply for social security benefits); **Lee v. Lee**, 507 A.2d 862, 865 (Pa Super. 1986) (reversed for determining whether forced early retirement constituted a substantial change); **Com ex rel. Burns v. Burns**, 331 A.2d 768, 771 (Pa. Super. 1974) (remanded for consideration of husband's retirement due to health reasons); **see also Smedley v. Lowman**, 2 A.3d 1226, 1228 (Pa. Super. 2010) ("Voluntary retirement does

not entitle an appellant 'to a reduction in his support obligation' rather 'the change in the appellant's economic situation due to retirement merely allows him an opportunity to demonstrate the need for a reduction.'") (citation omitted).

Further, this Court finds Husband's argument that "Husband cannot possibly save for retirement, support his new wife, and continue his alimony obligation to [Wife]" disingenuous when Husband testified to an income of $350,000 in 2015, as well as other assets. *See* Appellant's Brief at 17; N.T. Petition to Terminate Alimony Hearing, at 30. Moreover, Husband fails to recognize that the law permits modification upon the showing of changed circumstances of a substantial and continuing nature, it does not require a modification. Upon review of the record and the law, we find the trial court did not abuse its discretion when it denied Husband's petition to terminate alimony.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/15/2017</u>