J-A11032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANNELLE M. BUFFENMEYER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MITCHELL B. BUFFENMEYER | : | |
| | : | |
| Appellant | : | No. 1187 MDA 2023 |

Appeal from the Order Entered July 21, 2023
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2019-20745

| | | |
|---|---|---|
| ANNELLE M. BUFFENMEYER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MITCHELL B. BUFFENMEYER | : | No. 1257 MDA 2023 |

Appeal from the Order Entered July 21, 2023
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2019-20745

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

CONCURRING AND DISSENTING MEMORANDUM BY MURRAY, J.: **FILED:**

**OCTOBER 4TH, 2024**

I agree with the Majority's thoughtful and well-reasoned analysis of Wife's first and second issues, and its determination that no relief is warranted on those claims.  However, I respectfully disagree with the Majority's conclusion that the trial court's alimony award to Wife constituted an abuse of

discretion. For the reasons that follow, I reluctantly dissent as to the Majority's conclusion that the alimony award must be vacated and the case remanded solely for further proceedings on this issue.

Initially, I recognize that

> [t]he role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court.

*McKernan v. McKernan*, 135 A.3d 1116, 1118 (Pa. Super. 2016) (citation omitted).

> To reverse the trial court's decision based on an abuse of discretion, we must find that the trial court has committed not merely an error of judgment, but has overridden or misapplied the law, or has exercised judgment which is manifestly unreasonable, or the product of partiality, prejudice, bias or ill will as demonstrated by the evidence of record.

*Id.* (citations and quotation marks omitted). Finally,

> a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

*Childress v. Bogosian*, 12 A.3d 448, 455-56 (Pa. Super. 2011) (citations omitted). Thus, absent an abuse of discretion or an error of law, the recommendations of a special master should be upheld. *See id.*

In addressing the issue of Husband's spousal support obligation, it is necessary to review the procedural posture of the matter presented to the trial court. Wife filed for divorce on June 22, 2021. On August 18, 2021,

Husband requested the appointment of a special divorce master (special master). On April 8, 2022, the divorce/equitable distribution/support matters proceeded to a special master's hearing. At the hearing, the parties presented evidence regarding the equitable distribution of their marital assets and the issue of spousal support. The parties presented extensive evidence of their financial accounts, pensions, expenses related to Child's tuition and therapy, and federal income tax returns.

The special master filed her report and recommendations (RR) on October 24, 2022. The special master equitably distributed the parties' marital property and recommended that Husband pay spousal support to Wife of $1,203.08 per month, which "shall continue while Wife is caring for the parties' special needs child or until he reaches the age of 18." Special Master RR, 10/24/22, at 32. The special master explained,

> **economic justice in this case specifically requires the award of alimony.** The Special Master specifically considered Wife's financial needs and the Wife's ability to attain financial independence. Until other care options are arranged or [the parties' disabled child] reaches the age (or ability) of self-reliance, Wife will be limited in her ability to work. … [M]any of the factors weigh in favor of an award of alimony. Husband concedes the award of alimony in his pretrial memorandum[,] **but in his post hearing brief**[,] **he argues against the award with no further explanation**.

> Wife requests payment [of alimony] in the amount of $2,000.00 a month indefinitely. Wife's current [alimony] is $ 1,203.08. ([Husband]'s Exhibit 12)[.] The amount was determined by the Hearing Officer after a careful review of income and expenses. The Special Master will accept this amount.

Special Master RR, 10/24/22, at 31 (emphasis added).

Both parties filed exceptions to the special master's RR, **and requested oral argument on the exceptions**. Husband did not claim a change of circumstances warranting a new evidentiary hearing.[1] The trial court, in addressing the parties' exceptions, reviewed the relevant statutory factors, the evidentiary record, and the special master's RR. The trial court opined as follows:

> After considering the seventeen factors [stated in 23 Pa.C.S.A. 3701(b)], **the Special Master determined that economic justice in this case specifically requires an award of alimony**. The Special Master found that the award of alimony to [Wife] is necessary here because [Wife] lacks sufficient property for her reasonable needs even after [] giving her sixty percent of the net marital estate and an award of counsel fees, so the Special Master achieved economic justice by conditionally awarding [Wife] alimony as well. 23 Pa.C.S.A. § 3701(a); **Teodorski v. Teodorski**[, 857 A.2d 194,] 200 [(Pa. Super. 2004)]. [The trial court] agrees with the Special Master that **the awards in conjunction** provide [Wife] with sufficient income to obtain the necessities of life. **Dalrymple v. Kilishek**[, 920 A.2d 1275,] 1280 [(Pa. Super. 2007)]; **Stamerro v. Stamerro**[, 889 A.2d 1251,] 1259 [(Pa. Super. 2005)].

---

[1] Section 3701(e) of the Divorce Code provides:

> **Modification and termination.--** An order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon the order may be modified, suspended, terminated or reinstituted or a new order made. Any further order shall apply only to payments accruing subsequent to the petition for the requested relief. Remarriage of the party receiving alimony shall terminate the award of alimony.

23 Pa.C.S.A. § 3701(e).

... The spousal support amount, which is being adopted for the purpose of alimony, was carefully determined after a review of [the parties'] incomes and expenses, and [Husband] is already struggling to pay his own expenses and obligations. **Moreover, [Wife] is capable of work once** [the parties' disable child] **no longer requires intensive care.** Overall, [the] court finds the Special Master found the right balance with her recommended awards. *Dalrymple*[, 920 A.2d] at 1280. ... [**The court**] **finds that conditionally awarding alimony to** [**Wife**] **seems fair and just in these circumstances, especially when considering the entire combination of awards for the parties.** *Kohl v. Kohl*[, 564 A.2d 222,] 224 [(Pa. Super. 1989)]; *Morschhauser v. Morschhauser*[, 516 A.2d 10,] 15 (Pa. Super. 1986)]; *Kleinfelter v. Kleinfelter*[, 463 A.2d 1196,] 1197 [(Pa. Super. 1983)].

Trial Court Opinion, 7/20/23, at 18-19 (emphasis added).

It is this procedural history that gives rise to my disagreement with the Majority. The Majority concludes that

> **the trial court erred in adopting the 2021 calculation of Husband's income and expenses** for purposes of his spousal support obligation in fashioning the amount of the instant monthly alimony award[,] because it failed to consider the current economic impact of the award on Husband's ability to pay that amount, as established in the certified record….

Slip. Op. at 21 (emphasis added). According to the Majority,

> a review of the basic support calculation reveals that the spousal support amount upon which the trial court relied to fashion the instant alimony award had **not** been adjusted, as permitted by Pa.R.Civ.P. 1910-.16-5(b)(1), (5), and (8). Thus, to the extent that the trial court relied upon the calculation of Husband's basic spousal support obligation in 2021 to fashion the instant alimony award, that determination omitted at least two of the enumerated alimony factors and, more importantly, it did not address the specific complaint that Husband raised in his objection to the award, *i.e.*, his inability to pay alimony without incurring additional deficit spending.

*Id.* at 23 (emphasis in original). Thus, the Majority considered the issue of spousal support in isolation, without considering it in conjunction with the equitable distribution of the parties' marital assets.

Our Supreme Court has long recognized that,

[s]ince a trial court must take into consideration marital property distributed under Section 401(d) of the Divorce Code when considering an award of alimony[,] and the sources of incomes of both parties becomes relevant in determining an equitable distribution award under Section 401(d), **it is clear that remanding a final order denying alimony for reconsideration of alimony alone without taking into consideration the equitable distribution award is improper.** The purpose of our Divorce Code is to effectuate "economic justice." Therefore, Sections 401 and 501 of the Divorce Code must be considered together. To do otherwise would defeat the intended purpose of the Divorce Code.

*O'Callaghan v. O'Callaghan*, 607 A.2d 735, 737 n.5 (Pa. 1992) (internal citations omitted; emphasis added).

Instantly, the Majority considers only the issue of spousal support, outside of the context of the trial court's equitable distribution award. Our Supreme Court in *O'Callaghan* disapproves of remanding solely for reconsideration of spousal support. *See id.* Because this matter also included the equitable distribution of marital assets, I believe remand solely for consideration of the alimony award is inappropriate.

I also believe the Majority misapprehends the role of the trial court in resolving the parties' exceptions. Here, the trial court reviewed the special master's RR and the parties' exceptions thereto. The trial court heard argument on those exceptions, as requested by the parties. The trial court

- 6 -

specifically found that Husband "has assets accumulated during [the parties'] marriage. Given the care required of [the parties' disabled] child, [Wife] will not be in a position to accumulate assets." Trial Court Opinion, 7/20/23, at 17. The trial court opined, "[t]he situation suggests that [Wife] will accumulate more debt to care for the growing needs of the child." *Id.* This includes co-pays for doctor visits and therapy for child. *Id.* The trial court found the special master struck "the right balance" with the alimony award, "**especially when considering the entire combination of awards for the parties**." *Id.*

Where, as here, the trial court was asked to resolve the parties' exceptions based upon the existing record, I would decline to remand for consideration of Husband's current financial situation. Husband may certainly seek modification under 23 Pa.C.S.A. § 3701(e), should his financial circumstances change. But based on the present record, the trial court appropriately considered the award of alimony, in conjunction with the court's overall equitable distribution of the parties' marital assets. Because the trial court's alimony award is supported by the evidence, I would affirm the trial court's alimony award.